McKinney, J.
delivered the opinion of the court.
The defendant in error obtained judgment by motion in the Circuit Court of Carter county, against the plaintiffs in error, on a bond of indemnity; and the only material question for our consideration is, whether the bond is in accordance with the provisions of the act of 1825, ch. 40.
Jobe, the principal in said bond, was not a party to the executions, or judgments, upon which they were issued: nor is it shown in the record that he had any interest, legal or equitable, therein. And it is argued by the counsel for the plaintiffs in error, that, by the proper construction of the act above referred to — the first and second sections being considered in connection with each other — the bond of indemnity contemplated by the statute must be made, or given, by the plaintiff in the judgment and execution; and that the bond in question in this ease. *180 having been given by a stranger, is, therefore, not a good statutory bond. We do not concur with the plaintiffs’ counsel in this construction of the statute. The first section provides, that, “ in all cases where a sheriff, coroner, or constable, may levy an execution on property, the title to which is disputed, and may take a bond of indemnity, and may be. sued for so doing by the rightful owner of such property so levied on and sold, and a recovery had against such sheriff, coroner, or constable; it shall and may be lawful for such Sheriff, coroner, or constable, upon motion, in any court of record, to obtain judgment against the obligor, or obligors, or either of them, on such bond of indemnity for the amount of the damages and costs that may have been recovered against such sheriff, coroner, or constable.” There is certainly nothing in the letter of this section indicating that the bond shall be given by the plaintiff in the execution ; and we are unable to perceive anything in the reason or policy of the law which forbids the giving of such bond of indemnity by a party beneficially interested in the judgment; or by the agent or attorney of the party interested; or, in the absence of the party in interest, by any one who may be .willing to take upon himself the hazard and responsibility of doing so. The bond contemplated by this act is for the sole benefit of the sheriff, or other ministerial officer; and the question is exclusively between him and the obligor, or obligors, in such bond. This section was intended merely to give legislative sanction to a practice which had grown up in the country without authority of law, viz, the taking bonds of indemnity by sheriffs and other ministerial officers, when the title to property about to be levied on was in dispute ; and, furthermore, to provide a summary remedy upon the breach of the condition of such bonds. The *181 argument for the plaintiffs in error derives no aid from a consideration of the second section of said act. Its effect is altogether different from and independent of the first section. It providés that no “ sheriff, coroner, or constable, shall be compelled to levy an execution on any property, the title to which is disputed, and sell the same, unless the plaintiff in the execution will first give bond and security to such sheriff, coroner, or constable, to indemnify and keep harmless such officer from all damages and costs in consequence of levying upon and selling such property.” The intention of the latter section was merely to relieve sheriffs and other officers from the hardship and gross injustice to which they were frequently exposed by the law as it previously existed. By the common law, if the sheriff, or. other officer, levied upon and sold property belonging to some other person than the defendant in the execution, and a recovery in damages were had against him for so doing by the rightful owner thereof, he had no recourse upon the plaintiff, and was wholly without redress. And, on the other hand, if he refused to levy and sell, upon the’ ground that the title to the property was in dispute, it was at the peril of being made personally liable to the satisfaction of the plaintiffs’judgment, in the event it should turn out — perhaps after a tedious and doubtful investigation — that the title was in fact in the” defendant in the execution. He was bound at his peril to know who was the rightful owner of the property. But, by the section of the act under consideration, the mere fact'that the title to the property is disputed, is sufficient justification for the refusal of the sheriff, or other .officer, to levy upon or sell the property, unless a bond of indemnity is given as prescribed in the act. The officer, in other words, is not compelled, as at the common law, to *182 take upon himself the hazard of determining the question of right or title to the property in dispute ; but may stay his hand, and refuse to execute the process until the plaintiff in the execution shall, by the execution of a sufficient bond of indemnity, take such hazard upon himself. We are of opinion, therefore, that the bond in question is a good statutory bond; and that, upon the facts presented in the bill of exceptions, the Circuit Court was well warranted in rendering judgment thereon. The other supposed errors in the record have not been seriously pressed, and do not, in our opinion, furnish any ground of reversal.
Let the judgment of the Circuit Court be affirmed.